GEORGE E. WOODS

Thomas Carlson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BEARD, THEO DOWNS as next
friend of PEGGY SHUMWAY, EDWARD
GARIEPY as next friend of ALYSSA
CHAPPA, TAMARA BLEAU as next friend
Of ROBERT COOK, RONALD FORD SR.,
as next friend of RONALD FORD JR., and
NANCY HUSKINSON as next friend of
STACY HUSKINSON.

 Plaintiffs,

vs.

WHITMORE LAKE SCHOOL DISTRICT,
CHARMAINE BALSILLIE,
BRIAN CARPENTER, JAY MUNZ,
WENDY LEMONS, SUE LANGEN;
NORTHFIELD TOWNSHIP POLICE
DEPARTMENT OFC. R. MAYRAND,
and OFC. M. JENSEN,

 Defendants,

Case Number: 00CV73657DT

Honorable

**COMPLAINT AND
JURY DEMAND**

FILED 00 AUG 15 AM 8:42

MICHAEL J. STEINBERG (P 43085)
KARY L. MOSS (P 49759)
American Civil Liberties Union
Fund of Michigan
1249 Washington Blvd., Suite 2910
Detroit, MI 48226
(313) 961-7728
Counsel for Plaintiffs BEARD,
SHUMWAY, CHAPPA,
HUSKINSON

SCOTT S. YALDO (P 51245)
Yaldo & Domstein, P.L.L.C.
30150 Telegraph Rd., Suite 444
Birmingham, MI 48025
(248) 645-5300
Counsel for Plaintiffs COOK, FORD

## COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, by their attorneys, and for their Complaint, state as follows:

## INTRODUCTION

1. This Civil Rights Complaint arises out of the strip searches performed on over twenty students in a Whitmore Lake High School gym class by Whitmore Lake School District employees and the acting pricipal of Whitmore Lake High School. The employees and acting pricipal conducted these strip searches in response to an alleged theft of a few hundred dollars and without any reasonable suspicion that any of the Plaintiffs had done anything wrong. After Northfield Police officers arrived at the school and were told that the boys in the gym class were strip searched, the officers directed the school officials to search the girls in a similar manner. These blanket strip searches violated the Whitmore Lake School District's own policies as well as the students' Fourth Amendment and Due Process rights. This Complaint seeks to remedy these constitutional civil rights violations.

## PARTIES

2. Plaintiffs, David Beard, Peggy Shumway, Alyssa Chappa, Stacy Huskinson, Robert Cook and Ronald Ford, Jr., are residents of Washtenaw County, within the Eastern District of Michigan.

3. Plaintiffs Peggy Shumway, Alyssa Chappa, Stacy Huskinson, Robert Cook, and Ronald Ford, Jr., are minors who brings this case through their parents or step-

2

parents, Theo Downs, Edward Gariepy, Nancy Huskinson, Tamara Bleau, and Ronald Ford, Sr., respectively.

4. Defendants, Charmaine Balsillie, Sue Langen, Wendy Lemons, Brian Carpenter, Jay Munz, were teachers/administrators for Whitmore Lake High School when the events that gave rise to his case occurred and, upon information and belief, reside in Washtenaw County, within the Eastern District of Michigan.

5. Defendants R. Mayrand and M. Jensen were officers for the Northfield Township Police Department when the events that gave rise to this case occurred and upon information and belief, reside in Washtenaw County, within the Eastern District of Michigan.

## JURISDICTION AND VENUE

6. This action arises under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution's prohibition against unreasonable searches and seizures. U.S. Const., Amend. IV.

7. Jurisdiction is based on 42 U.S.C. § 1983, U.S. Const., Amend. IV, 28 U.S.C. § 1331, and 28 U.S.C. § 2201.

8. This cause arose in Whitmore Lake Township, Washtenaw County, Michigan, within the Eastern District of Michigan, Southern Division.

9. Venue is based on 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

10. In the spring of 2000, Plaintiffs David Beard, Peggy Shumway, Alyssa Chappa, Stacey Huskinson, Robert Cook, and Ronald Ford Jr. were students at Whitmore Lake High School. Plaintiff Beard was eighteen years old. Plaintiff Shumway

3

was seventeen years old. Plaintiff Chappa was fifteen years old. Plaintiff Huskinson was sixteen years old. Plaintiff Cook was fifteen years old. Plaintiff Ford was sixteen years old.

11. None of the Plaintiffs have a criminal record. None of the Plaintiffs have ever stolen anything at Whitmore Lake High School.

12. On or about the morning of May 24, 2000, Plaintiffs were in the school gymnasium during their coed gym class.

13. Five girls and approximately twenty boys were in attendance.

14. As gym class was ending, a female student reported to the teacher, Brian Carpenter, that money she had left in her purse was missing from her bag, which she had left unlocked and unattended in the girl's locker room.

15. Defendant Carpenter ordered all of the students to remain in the gym.

16. Defendant Carpenter sent Plaintiff Huskinson to get Acting Principal Charmaine Balsillie from her office.

17. Acting Principal Balsillie instructed Defendant Carpenter to search all of the students.

18. Defendant Carpenter ordered all of the boys, including the male plaintiffs, into the boys' locker room.

19. Defendant Balsillie instructed three other teachers, Defendants Jay Munz, Wendy Lemons and Sue Langen to assist in the search.

20. The girls, including the female Plaintiffs, were ordered to search the gym and girls' locker room.

4

21. No investigation was performed to substantiate whether the money was actually missing, nor were the police or the students' parents called at this time.

22. Defendants Langen and Lemons ordered the girls, including the female Plaintiffs, to open their school bags and display their contents. The bags were inspected.

23. Defendants Lemons and Langen ordered all the girls, including the female Plaintiffs, to remove their shoes and socks to be searched.

24. The girls obeyed this order.

25. Defendant Carpenter kept Plaintiffs Beard, Cook, and Ford, along with the rest of the boys, in the boys' locker room.

26. Defendants Carpenter and Munz ordered the boys, including Plaintiffs Beard, Cook, and Ford, one at a time into the shower room in the boy's locker room.

27. The boys, including Plaintiffs Beard, Cook, and Ford were ordered to remove their pants, drop their underwear, and lift their shirt in the presence of Defendant Munz. Defendant Munz also physically inspected the boys' clothing.

28. Upon information and belief, Defendant Munz performed this strip search at the direction of acting principal Balsillie.

29. During the strip search, Defendant Carpenter inspected the boys' bags.

30. One boy protested to the strip-search.

31. Upon hearing a protest from one of the boys, either Defendant Carpenter or Munz told this boy that he would be suspended if he refused the strip search.

32. The male Plaintiffs and the other boys complied with the ordered strip search.

33. Defendant Balsillie entered the boys' locker room during the search of the boys and was told that nothing had been recovered yet.

34. Defendant Balsillie contacted the police.

35. Defendant Officers Mayrand and Jensen of the Northfield Township Police Department drove to Whitmore Lake High School.

36. Upon learning that the girls had not been searched, Officer Mayrand instructed Defendant Balsillie to search the girls.

37. Defendant Balsillie, in her capacity as acting principal, ordered the girls into the girls' locker room.

38. Defendants Balsillie and Langen ordered the five girls, including Plaintiffs Shumway, Huskinson and Chappa, to form a circle and told to drop their pants and lift their shirts for the Defendants to inspect their underwear.

39. The female Plaintiffs and the other girls complied with the order.

40. The female Plaintiffs were inspected in the presence of the other girls and the Defendants.

41. All of the plaintiffs were detained in the gym for over two hours.

42. The money that was reported missing was never found.

### COUNT I-Fourth Amendment Violations
(Defendants Balsillie, Carpenter, Munz, Lemons, Langen and Whitmore Lake School District)

43. Plaintiffs incorporate by reference all prior paragraphs as though repeated paragraph by paragraph and word for word herein.

44. Defendants Balsillie, Carpenter, Munz, Lemons, and Langen violated Plaintiffs' Fourth Amendment right to remain free from unreasonable searches and seizures when they searched and detained Plaintiffs as described above.

45. The searches were not justifiable at their inception.

6

46. Defendants did not have reasonable suspicion that Peggy Shumway had stolen the allegedly missing money.

47. Defendants did not have reasonable suspicion that they would recover the allegedly missing money by ordering Peggy Shumway to drop her pants and lift her shirt.

48. Defendants did not have reasonable suspicion that Alyssa Chappa had stolen the allegedly missing money.

49. Defendants did not have reasonable suspicion that they would recover the allegedly missing money by ordering Alyssa Chappa to drop her pants and lift her shirt.

50. Defendants did not have reasonable suspicion that Stacy Huskinson had stolen the allegedly missing money.

51. Defendants did not have reasonable suspicion that they would recover the allegedly missing money by ordering Stacy Huskinson to drop her pants and lift her shirt.

52. Defendants did not have reasonable suspicion that David Beard had stolen the allegedly missing money.

53. Defendants did not have reasonable suspicion that they would recover the allegedly missing money by ordering David Beard to remove his pants and underpants and lift his shirt.

54. Defendants did not have reasonable suspicion that Robert Cook had stolen the allegedly missing money.

55. Defendants did not have reasonable suspicion that they would recover the allegedly missing money by ordering Robert Cook to remove his pants and underpants and lift his shirt.

56. Defendants did not have reasonable suspicion that Ronald Ford Jr. had stolen the allegedly missing money.

57. Defendants did not have reasonable suspicion that they would recover the allegedly missing money by ordering Ronald Ford Jr. to remove his pants and underpants and lift his shirt.

58. The searches were not reasonable in proportion to the circumstances that gave rise to the interference in the first place..

59. The searches were excessively intrusive in light of the age and sex of the students.

60. Contrary to 42 U.S.C. § 1983 and prior to May 24, 2000, Whitmore Lake School District developed and maintained policies, customs, or practices exhibiting deliberate indifference to the constitutional rights of the students, which caused the violation of Plaintiffs Fourth Amendment rights.

61. Contrary to 42 U.S.C. § 1983, Defendants Balsillie, Carpenter, Munz, Lemons, Langen and the Whitmore Lake School District violated plaintiffs' rights under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

62. As a proximate cause of Defendants' actions, Plaintiffs suffered injuries, including, but not limited to, humiliation and embarrassment, emotional distress, fear of school authorities, violation of their bodies, and violation of their civil rights and civil liberties.

63. Plaintiffs have suffered damages as follows:

   (a) direct damages;

   (b) consequential damages;

   (c) attorneys' fees;

   (d) costs;

   (e) interest; and

   (f) punitive damages

64. The searches were excessively intrusive in light of the age and sex of the students

WHEREFORE, plaintiffs pray that this honorable Court enter judgment against Defendants' Balsillie, Carpenter, Munz, Lemons, and Langen and order all other relief that is fair and equitable, including a declaration that Defendants violated plaintiffs' rights to be free of unreasonable searches and seizures under the Fourth Amendment.

### COUNT II-Fourth Amendment Violations
(Defendants Mayrand and Jensen)

65. Plaintiffs incorporate by reference all previous averments as though repeated paragraph by paragraph and word for word herein.

66. Officers Mayrand and Jensen did not have a search warrant to search Peggy Shumway for the allegedly missing money.

67. Officers Mayrand and Jensen did not have a search warrant to search Alyssa Chappa for the allegedly missing money.

68. Officers Mayrand and Jensen did not have a search warrant to search Stacy Huskinson for the allegedly missing money.

9

69. Officers Mayrand and Jensen had no probable cause to suspect that the allegedly missing money would be recovered by ordering Peggy Shumway to lift her shirt and drop her pants.

70. Officers Mayrand and Jensen had no probable cause to suspect that the allegedly missing money would be recovered by ordering Alyssa Chappa to lift her shirt and drop her pants.

71. Officers Mayrand and Jensen had no probable cause to suspect that the allegedly missing money would be recovered by ordering Stacy Huskinson to lift her shirt and drop her pants.

72. Absent a warrant or probable cause, the ordered searches of the female Plaintiffs by the Defendant Police Officers were unreasonable.

73. Contrary to 42 U.S.C. § 1983, Defendants Mayrand and Jensen violated plaintiffs' rights under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

74. As a proximate cause of Defendants' actions, Plaintiffs suffered injuries, including, but not limited to, humiliation and embarrassment, emotional distress, fear of school authorities, violation of their bodies, and violation of their civil rights and civil liberties.

75. Plaintiffs have suffered damages as follows:

   (a) direct damages;

   (b) consequential damages;

   (c) attorneys' fees;

   (d) costs;

(e) interest; and

(f) punitive damages

WHEREFORE plaintiffs pray that this honorable Court enter judgment against Mayrand and Jensen and order all other relief that is fair and equitable, including a declaration that Defendants violated plaintiffs' rights to be free of unreasonable searches under the Fourth Amendment.

### COUNT III-Due Process Violations
(Defendants Balsillie, Carpenter, Munz, Lemons, Langen and Whitmore Lake School District)

76. Plaintiffs incorporate by reference all previous averments as though repeated paragraph by paragraph and word for word herein.

77. The school policy required the principal conduct all personal searches of students.

78. The school policy required all personal searches be conducted with reasonable suspicion.

79. The school policy prohibited school officials from conducting strip searches and required that only police officers conduct strip searches.

80. The school policy required that personal searches be done in a private room, with not more than three staff members of the same sex present.

81. The school policy required that the student's parents be notified as soon as reasonably possible.

82. The principal did not conduct these searches.

83. The search of the students was not performed with reasonable suspicion.

84. Staff members, not the police, conducted the searches.

85. The girls were not searched in private, but in the presence of the other girls.

86. The students' parents were not immediately notified.

87. Defendants thus breached the Whitmore Lake School District policies.

88. Prior to May 24, 2000, Whitmore Lake School District developed and maintained policies, customs, or practices exhibiting deliberate indifference to the constitutional rights of the students, which caused the violation of plaintiffs' rights.

89. Contrary to 42 U.S.C. § 1983, Defendants Balsillie, Carpenter, Munz, Lemons, Langen and Whitmore Lake School District denied Plaintiffs their Due Process rights by failing to comply with school policies.

90. As a proximate cause of Defendants' actions, Plaintiffs suffered injuries, including, but not limited to, humiliation and embarrassment, emotional distress, fear of school authorities, violation of their bodies, and violation of their civil rights and civil liberties.

91. Plaintiffs have suffered damages as follows:

    (a) direct damages;

    (b) consequential damages;

    (c) attorneys' fees;

    (d) costs;

    (e) interest; and

    (f) punitive damages

WHEREFORE plaintiffs pray that this honorable Court enter judgment against Balsillie, Carpenter, Munz, Lemons, and Langen and order all other relief that is fair and equitable, including a declaration that Defendants violated plaintiffs' Due Process rights.

Respectfully submitted,

*M. Steinberg /noa*

MICHAEL J. STEINBERG (P 43085)
KARY L. MOSS (P 49759)
American Civil Liberties Union
Fund of Michigan
1249 Washington Blvd., Suite 2910
Detroit, MI 48226
(313) 961-7728
Counsel for Plaintiffs BEARD,
SHUMWAY, CHAPPA and HUSKINSON

*S. Yaldo /mer*

SCOTT S. YALDO
   Yaldo & Domstein, P.L.L.C.
30150 Telegraph Rd., Suite 444
Birmingham, MI 48025
(248) 645-5300
Counsel for Plaintiffs COOK, FORD

Dated: August 15, 2000

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury on all issues so triable.

Respectfully submitted,

*/s/ M. Steinberg /mex/*

MICHAEL J. STEINBERG (P 43085)
KARY L. MOSS (P 49759)
American Civil Liberties Union
Fund of Michigan
1249 Washington Blvd., Suite 2910
Detroit, MI 48226
(313) 961-7728
Counsel for Plaintiffs BEARD,
SHUMWAY, CHAPPA, and HUSKINSON

*/s/ S. Yaldo /mex/*

SCOTT S. YALDO
Yaldo & Domstein, P.L.L.C.
30150 Telegraph Rd., Suite 444
Birmingham, MI 48025
(248) 645-5300
Counsel for Plaintiffs COOK, FORD

Dated: August 15, 2000

14